United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MACKENZIE FOTSCH,
Plaintiff,

v.

MATTHEW SHRODER,
Defendant.

Case No. 26-cv-04505-LB

**ORDER RE DEFENDANT'S MOTION FOR ATTORNEY'S FEES**

Re: ECF No. 40

## INTRODUCTION

Plaintiff Mackenzie Fotsch and defendant Matthew Shroder are former romantic partners who are litigating about a house in Sausalito. The court previously granted in part Mr. Shroder's special motion to strike under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, striking four allegations across five claims to the extent that they predicated liability on Mr. Shroder's protected litigation conduct (his filing, service, and prosecution of an unlawful-detainer action against Ms. Fotsch), and it otherwise denied the motion, including the challenge to the unjust-enrichment claim.[1] The order held that Mr. Shroder "prevailed on some (but not all) of the

[1] Order – ECF No. 26 at 2–3, 13–15. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

challenged allegations" and so may recover the fees "attributable to the successful portions of the motion, subject to the court's assessment of the practical significance of the results obtained."[2]

Mr. Shroder now moves for $90,010: (1) $45,685 in fees for the anti-SLAPP motion, reflecting 62.9 hours of work by three lawyers and a paralegal, net of a $1,200 concession for the unsuccessful portions of the motion; (2) $40,720 in fees for the fee motion itself, reflecting 66.8 more hours, nearly all by the lawyer who drafted both motions; (3) $3,605 in Westlaw research charges; and (4) unquantified "additional" fees as they are incurred.[3] Ms. Fotsch opposes the amounts: the motion achieved little; the invoices are block-billed and redacted past the point of review; the hours and the lead drafter's rate are excessive; and the fees-on-fees request outstrips the merits work itself. She asks the court to cap any award at $3,593 (or at most $7,129.50), deny or proportionally reduce the fees-on-fees and Westlaw requests, and deny the open-ended request for future fees.[4]

The court grants the motion in part and denies it in part. For the anti-SLAPP motion, the court awards $40,887.50 in fees (the lodestar at the requested rates, less two hours for the unsuccessful portions of the motion and one hour spent cutting an over-length brief) plus the $3,605 in Westlaw costs. For the fee motion, the court awards $21,700, reducing the primary drafter's time by half. The total award is $62,587.50 in fees and $3,605 in costs. The court denies the request for additional, unquantified fees.

## STATEMENT

### 1. The Anti-SLAPP Motion and the Court's Order

The facts are in the court's earlier order. This order summarizes the history relevant to fees.

---

[2] Order – ECF No. 26 at 14 (citing *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340, 344–45 (2006)).

[3] Notice of Mot. – ECF No. 40 at 2; Mot. – ECF No. 40-1 at 9, 28; Reply – ECF No. 49 at 12–13, 20. The notice and opening brief asked for $46,885 for the anti-SLAPP motion. Ms. Fotsch identified arithmetic inconsistencies in that figure, and the reply restated the request as $45,685, net of the $1,200 concession. Opp'n – ECF No. 47 at 22; Reply – ECF No. 49 at 12–13 ("That totals $45,685 for the moving papers and the papers in reply[.]"). The court uses the reply's figures.

[4] Opp'n – ECF No. 47 at 6–7, 27–29. The opposition states its proposed cap as $3,593 in some places and $3,593.20 in others. *Compare id.* at 7 *with id.* at 29. The court refers to $3,593.

On July 2, 2026, Mr. Shroder moved to strike six claims (three contract claims, unjust enrichment, breach of fiduciary duty, and conversion), arguing that all but the unjust-enrichment claim predicated liability on his filing, service, and prosecution of a separate unlawful-detainer action, protected petitioning barred by the litigation privilege, Cal. Civ. Code § 47(b). He identified seven allegations (paragraphs 29, 34, 45, 54, 66, 87(d)–(e), and 120), contended that unjust enrichment is not a standalone claim, and asked the court to strike the six claims with leave to amend.[5]

The court rejected the request to strike the claims "completely": "[w]hen protected and unprotected allegations are in a claim, the court strikes the former and leaves the latter alone. It does not strike the entire claims."[6] The court struck four allegations (paragraphs 45, 54, and 66, and the first clause of paragraph 120) to the extent that they made the unlawful-detainer litigation a basis for liability, damages, or other relief, including through incorporation into claim seven.[7] It declined to strike the narrative allegations in paragraphs 29 and 34, the paragraph 87 breaches, and the rest of paragraph 120, and it noted that the privilege "limits liability, not admissibility."[8] It denied the motion as to the unjust-enrichment claim because Mr. Shroder "identifie[d] no protected activity" supporting it and retained that claim as one in quasi-contract.[9] On fees, the order held that Mr. Shroder prevailed in part, limited any fee motion to the successful portions of the motion, and denied Ms. Fotsch's cross-request for fees because the motion was not frivolous.[10]

**2. The Fee Demand, the Counteroffer, and This Motion**

On August 31, 2026, defense counsel Scott Freedman emailed Ms. Fotsch's counsel a $47,452 fee demand, excluding hearing time and time split with other tasks. The next day he sent redacted

[5] Mot. to Strike – ECF No. 17-1 at 8 & n.1, 12–13, 21–22; Notice of Mot. – ECF No. 17 at 1–2.

[6] Order – ECF No. 26 at 13 (citing *Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995, 1010 (2021)).

[7] *Id.* at 13–14.

[8] *Id.* at 10–11, 14.

[9] *Id.* at 3, 9 n.27, 15.

[10] *Id.* at 14.

invoices.[11] On September 3, Ms. Fotsch's counsel reviewed the invoices and responded with a confidential counteroffer (proportionate, she declares, to the motion's partial success) together with an itemized tally of the entries she deemed SLAPP-related.[12] Defense counsel never responded to the counteroffer. The next communication was this motion, filed October 1, 2026.[13]

The request has three components.

First, for the anti-SLAPP motion, Mr. Shroder seeks fees for four timekeepers at Zacks, Freedman & Chernev, PC (ZFC), or retained by it: (1) James Kraus, a contract lawyer and ZFC's former "SLAPP specialist," who drafted both briefs ($600 per hour); (2) Andrew Zacks, the firm's founder ($900); (3) Scott Freedman, its managing shareholder ($700); and (4) Emma Heinichen, a paralegal ($225).[14] Mr. Kraus declares 33.9 hours on the opening and reply briefs: reviewing the complaint and identifying the challenged allegations, updating his anti-SLAPP research with federal case law, researching the differences between state and federal anti-SLAPP practice, drafting, and replying to what he describes as a hard-fought opposition.[15] Mr. Zacks's declaration quantifies 16.8 hours discussing the motion with Mr. Kraus, shaping the fact section, revising the briefs, and conferring with the client. Mr. Freedman declares 4.7 hours, including 3.4 preparing for and attending the hearing. The invoices show 17.5 hours by Ms. Heinichen preparing the notice, proposed order, request for judicial notice, tables, and filings.[16] Second, he seeks $3,605 in Westlaw charges incurred during the briefing.[17] Third, he seeks $40,720 for the fee motion:

---

[11] Freedman Decl. – ECF No. 40-2 at 3–4 (¶ 9); Schliffer Decl. – ECF No. 47-1 at 2 (¶¶ 3–4); Email, Ex. A to *id.* – ECF No. 47-2 at 1–3.

[12] Schliffer Decl. – ECF No. 47-1 at 2 (¶ 5) (correcting the September 10 date in Freedman Decl. – ECF No. 40-2 at 4 (¶ 12)); Redacted Confidential Settlement Proposal, Ex. B to *id.* – ECF No. 47-3 at 1.

[13] Schliffer Decl. – ECF No. 47-1 at 2 (¶ 6); Mot. – ECF No. 40.

[14] Freedman Decl. – ECF No. 40-2 at 2–4 (¶¶ 2–3, 8, 10); Zacks Decl. – ECF No. 40-4 at 4 (¶ 9); Kraus Decl. – ECF No. 40-3 at 2–4 (¶¶ 2–3, 5, 8–11).

[15] Kraus Decl. – ECF No. 40-3 at 6–7 (¶¶ 13, 15–17), 10–11 (¶¶ 22A–22L). He tracks time by stopwatch, aggregates it daily, and rounds to the nearest six minutes. *Id.* at 7 (¶ 18).

[16] Zacks Decl. – ECF No. 40-4 at 5–7 (¶¶ 12–25); Freedman Decl. – ECF No. 40-2 at 2–3 (¶¶ 5–6); Cover Letter and Invoices, Ex. A to *id.* – ECF No. 40-2 at 7–14.

[17] Mot. – ECF No. 40-1 at 9, 28; Freedman Decl. – ECF No. 40-2 at 5 (¶ 15); Westlaw Charges, Ex. B to *id.* – ECF No. 40-2 at 16–27.

$32,140 for the opening papers (49.1 hours by Mr. Kraus, 1.5 by Mr. Zacks, and 1.9 by Mr. Freedman) and $8,580 for the reply (14.3 hours by Mr. Kraus). He does not seek Ms. Heinichen's time or the Westlaw charges for the fee motion.[18]

The court has diversity jurisdiction, 28 U.S.C. § 1332, and the parties consented to magistrate-judge jurisdiction, 28 U.S.C. § 636(c).[19]

## LEGAL STANDARD

A defendant who prevails on a special motion to strike "shall be entitled to recover" his attorney's fees and costs. Cal. Civ. Proc. Code § 425.16(c)(1). The entitlement applies in federal court, and California law governs the amount. *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *Graham-Sult v. Clainos*, 756 F.3d 724, 751–52 (9th Cir. 2014). The award must be reasonable and is calculated by the lodestar method: the hours reasonably spent multiplied by the reasonable hourly rate prevailing in the community for similar work. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–33 (2001); *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). It includes the fees reasonably incurred in litigating the fee motion itself. *Ketchum*, 24 Cal. 4th at 1141.

A defendant who prevails only in part "may recover the fees attributable to the successful portions of the motion," subject to the court's assessment of the practical significance of the results obtained: the award must be "commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way." *Mann*, 139 Cal. App. 4th at 340, 344–45. Where the work on the successful and unsuccessful portions overlaps, the court need not parse it allegation by allegation, but it must account for the degree of success. *Id.* at 344–45; *see Moran v. Endres*, 135 Cal. App. 4th 952, 955–56 (2006) (no fees where the motion's only success — striking a conspiracy count — changed nothing about the case).

---

[18] Mot. – ECF No. 40-1 at 28; Freedman Decl. – ECF No. 40-2 at 5 (¶¶ 14–15); Kraus Decl. – ECF No. 40-3 at 9 (¶ 21); Kraus Timesheet, Ex. D to *id.* – ECF No. 40-3 at 25; Reply – ECF No. 49 at 20; Kraus Reply Decl. – ECF No. 49-2 at 3–4 (¶¶ 7–8).

[19] Notice of Removal – ECF No. 1; Consents – ECF Nos. 13, 16. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).



United States District Court
Northern District of California

The applicant bears the burden of documenting the hours and showing that they were reasonably spent. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 437 (1983); *Ketchum*, 24 Cal. 4th at 1132. Detailed billing records are not required. The court may rely on counsel's declarations, but the court must review the request independently rather than accept it uncritically, and it has broad discretion to cut hours that are excessive, redundant, or unnecessary. *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009); *Ketchum*, 24 Cal. 4th at 1132; *McGrath v. County of Nevada*, 67 F.3d 248, 254 n.5 (9th Cir. 1995).

**ANALYSIS**

**1. Judicial Notice: the Court Does Not Consider the Riebel Declaration**

With his reply, Mr. Shroder asks the court to take judicial notice of a declaration that a partner in Ms. Fotsch's counsel's firm filed in an unrelated 2022 family-law matter, offered to "contrast the standards by which [her] attorneys hold themselves to with the standards they hold opposing counsels to" and to compare the firm's own hourly rates to Mr. Kraus's.[20] Court filings generally are proper subjects of judicial notice, *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001), but the court may decline to notice material that does not matter to the motion, *In re Juul Labs, Inc., Antitrust Litig.*, 555 F. Supp. 3d 932, 968 (N.D. Cal. 2021). This declaration does not matter: the court sustains the requested rates on this record without it, and how Ms. Fotsch's counsel billed a different motion in a different case has no bearing on whether Mr. Shroder's request here is reasonable. It also was raised in the reply, leaving Ms. Fotsch no opportunity to respond. The request is denied, and the court does not consider the declaration.

A related point is that both sides impugn opposing counsel: their competence, their candor, their motives. The court finds no bad faith by either side or sanctionable conduct and decides the motion on the record, not on counsel's characterizations of one another.

[20] Def.'s Reply RJN – ECF No. 49-1 at 2; Riebel Decl. (*In re Marriage of Moore*, S.F. Super. Ct. No. FDI-20-793151), Ex. A to *id.* – ECF No. 49-1 at 4–7; Reply – ECF No. 49 at 16–17.

**2. Billing Records: the Declarations and Invoices Permit Review**

Ms. Fotsch contends that the fees cannot be reviewed at all: the invoices are heavily redacted and block-billed, and counsel's declarations do not match them.[21] The invoices alone would not carry the burden, but the fees request does not rest on the invoices alone. Counsel's declarations quantify each lawyer's time, day by day, and describe the work. The unredacted entries identify the general subject matter. A lawyer "is not required to record in detail how each minute of his time was expended," only the general subject of the work. *Hensley*, 461 U.S. at 437 n.12 (cleaned up); *Raining Data*, 175 Cal. App. 4th at 1375; Civil L.R. 54-5(b)(2)–(3) (requiring a declaration summarizing each biller's time, not invoices). Together, the declarations and invoices let the court tell what was done, by whom, and for how long. That is enough to calculate the lodestar.

The court therefore calculates the attorneys' hours from their declarations and Ms. Heinichen's from the invoices, which itemize her entries without redaction.[22] That approach moots most of Ms. Fotsch's record objections: the entries she attacks as unrelated to the motion (Mr. Zacks's July 8 discovery review and July 22 appraisal time) are not in the hours claimed.

**3. Hourly Rates: the Requested Rates are Reasonable**

The requested rates are $900 for Mr. Zacks, $700 for Mr. Freedman, $600 for Mr. Kraus, and $225 for Ms. Heinichen. The reasonable rate is the rate prevailing in the forum for similar work by lawyers of comparable skill, experience, and reputation, *PLCM*, 22 Cal. 4th at 1095, and the court may rely on its own knowledge of the market, *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir.

---

[21] Opp'n – ECF No. 47 at 20–22.

[22] The declared hours do not always match the invoices, and where they differ, the declarations claim less at the approved rates: Mr. Zacks's declaration quantifies 16.8 hours and puts no number on his July 8, 22, and 23 entries, which mixed motion work with discovery, an appraisal, and other tasks that he concedes are not chargeable. Zacks Decl. – ECF No. 40-4 at 6–7 (¶¶ 21, 24–25). The request drops $230 billed for a fourth lawyer, Mark Chernev, and a $180 Zacks entry. Freedman Decl. – ECF No. 40-2 at 4 (¶ 10). The invoices billed Mr. Kraus's July time at $550. *Id.* at 3 (¶ 8). Because the fee applicant must substantiate the hours, the court holds Mr. Zacks to the 16.8 hours his declaration quantifies and does not award the $115 (0.2 hours) still claimed for Mr. Chernev, who submitted no declaration and whose entry concerned the state unlawful-detainer case. This lodestar-from-the-declarations approach, not any finding of inflation, is why the amounts awarded below are lower than the invoice-based $45,685 in the reply.

2011). Each lawyer has decades of experience in San Francisco real-property litigation, and the firm's anti-SLAPP work in this niche is substantial: Mr. Zacks and Mr. Kraus were responsible for *Birkner v. Lam*, 156 Cal. App. 4th 275 (2007), the published decision holding that unlawful-detainer petitioning is protected activity.[23] The rates correspond to those experience levels and fall within the range approved in this district for comparable work. *E.g.*, *Sols. 30 E. Eur., S.R.L. v. Muddy Waters Cap. LLC*, No. 4:21-cv-02423-YGR, 2022 WL 1814439, at *2 (N.D. Cal. Apr. 28, 2022) (rates of $725 to $980 for partners and $460 to $625 for associates at or below the median for comparable Bay Area anti-SLAPP work); *Resolute Forest Prods., Inc. v. Greenpeace Int'l*, No. 17-cv-02824-JST, 2019 WL 8377690, at *7 (N.D. Cal. Sep. 24, 2019) ($150 to $240 for paralegals).

Ms. Fotsch challenges Mr. Kraus's $600 rate, arguing that his market value is the $250 to $300 per hour he charges ZFC for contract work.[24] But the lodestar turns on the reasonable market value of the services, not on counsel's internal fee-splitting arrangements or what the client happened to be charged. *PLCM*, 22 Cal. 4th at 1095–98; *Pasternack v. McCullough*, 65 Cal. App. 5th 1050, 1055 (2021) (the standard applies even when counsel charges nothing or bills at below-market rates). Mr. Kraus's $600 rate passes the market test: the San Francisco Superior Court awarded him that rate for anti-SLAPP work in 2023, and the rate is at the bottom of the range for senior lawyers in the cases.[25] The court's experience with fee applications confirms this conclusion. It awards the requested rates for all four timekeepers.

---

[23] Zacks Decl. – ECF No. 40-4 at 2–4 (¶¶ 2–7), 7 (¶ 26); Kraus Decl. – ECF No. 40-3 at 2–4 (¶¶ 2–7); Freedman Decl. – ECF No. 40-2 at 2 (¶ 2).

[24] Opp'n – ECF No. 47 at 23–24 (citing Zacks Decl. – ECF No. 40-4 at 4–5 (¶ 10)).

[25] Fee Order (*Nguyen v. Breed*, S.F. Super. Ct. No. CGC-21-591803), Ex. C to Kraus Decl. – ECF No. 40-3 at 23 (awarding 33.6 hours at $600 per hour); Kraus Decl. – ECF No. 40-3 at 5 (¶ 10); *see* Mot. – ECF No. 40-1 at 14–15 (collecting cases).

**4. Hours: the Anti-SLAPP Motion Time is Reasonable, Less One Hour**

The claimed time is 62.9 hours: 33.9 (Mr. Kraus), 16.8 (Mr. Zacks), 4.7 (Mr. Freedman, including the hearing), and 17.5 (Ms. Heinichen).[26] That total is within the range this district has found reasonable for a contested anti-SLAPP motion with a request for judicial notice, a reply, and a hearing. *See Smith v. Payne*, No. C 12-01732 DMR, 2013 WL 1615850, at *3 (N.D. Cal. Apr. 15, 2013) (66.5 hours); *CoreCivic, Inc. v. Candide Grp., LLC*, No. C 20-03792 WHA, 2021 WL 1267259, at *7 (N.D. Cal. Apr. 6, 2021) (collecting cases finding 40 to 75 hours reasonable).

Ms. Fotsch's main counterargument is expertise: counsel who keep a library of anti-SLAPP briefs and found this complaint "so obviously SLAPPable that I thought it was a trick question" should not need 62.9 hours, and under *Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242, 1249–52 (2006), their experience compels a reduction.[27] *Maughan* affirmed (as within the trial court's discretion) a lodestar predicated on 50 hours where counsel had claimed more than 200. And here, Mr. Kraus drafted the opening and reply briefs in 33.9 hours, substantially less than the drafting time in the cases cited, precisely because he recycled his prior work. The time he spent updating that work for federal court (a forum new to him) was reasonably incurred for a motion whose procedural footing (the Rule 12(b)(6) standard, leave to amend under *Verizon*) the parties actively disputed. The court has reviewed the daily accounts in the declarations and does not find the claimed time excessive, duplicative, or unrelated to the motion.[28]

The court makes one deduction. Mr. Shroder's first reply brief exceeded the page limit. After Ms. Fotsch's counsel flagged the violation, counsel filed a conforming brief, and Mr. Kraus spent

---

[26] Ms. Fotsch counts 79 hours by tallying the invoices and adding Mr. Freedman's un-invoiced hearing time. Opp'n – ECF No. 47 at 19. The difference is the invoice entries that the declarations do not claim. *See* Section 2, *supra*.

[27] Opp'n – ECF No. 47 at 18–19 (quoting Kraus Decl. – ECF No. 40-3 at 5 (¶ 12)).

[28] Ms. Fotsch also attacks Mr. Kraus's timekeeping, pointing to days where his billed time exceeds the sum of his recited stopwatch segments (June 25 and, on the fee motion, September 21 and 28–30). *Id.* at 19–20. The fee-motion discrepancies do not matter given the fifty-percent reduction in Section 7, *infra*. The June 25 gap is about an hour on one day, and the record shows offsetting time counsel tracked but did not bill: the June 26 call with Mr. Chernev, end-of-briefing work on both motions, and Mr. Zacks's unquantified entries. Kraus Decl. – ECF No. 40-3 at 8–9 (¶ 20), 14 (¶ 23L); Kraus Reply Decl. – ECF No. 49-2 at 3–4 (¶¶ 6–8). The court declines to reduce the merits hours on this ground.

58 minutes cutting it down.[29] Time spent correcting counsel's noncompliance with the local rules is not reasonably billed to the opponent. The court deducts 1.0 hour from Mr. Kraus's time, leaving 32.9 hours before apportionment.

**5. Apportionment: the $1,200 Concession Captures the Unsuccessful Portions**

The parties agree that *Mann* governs. They dispute what the motion accomplished. Mr. Shroder calls the victory complete: the motion's object was to eliminate his unlawful-detainer litigation as a basis for liability, and the order did exactly that, across every claim in which it appeared.[30] Ms. Fotsch calls it marginal: the motion asked the court to strike six claims, every claim survived, the case "proceeds on every theory [she] pleaded except for four allegations," and the court said at the hearing that she had "plenty of claims" and no need to amend. She proposes a success rate of 8 percent (four of forty-eight paragraphs) or 28 percent (half credit for the motion to strike, times four of seven allegations), yielding $3,593 or $7,129.50.[31]

Mr. Shroder did not win everything. The court refused to strike paragraphs 29 and 34, the paragraph 87 breaches, and most of paragraph 120. It rejected his request to strike entire claims, and it denied his challenge to the unjust-enrichment claim outright. One allegation can support liability, so the ratio of stricken paragraphs to pleaded paragraphs says nothing about what the ruling changed. What it changed is a merits ruling, without leave to amend, that the filing, service, and prosecution of the unlawful-detainer action cannot support liability or damages in this case. That narrows what Ms. Fotsch can prove, what Mr. Shroder must defend, the predicates for compensatory and punitive damages, and the issues for summary judgment and trial. A ruling that eliminates a pleaded theory of liability has practical significance even when every claim survives.

---

[29] Kraus Decl. – ECF No. 40-3 at 11 (¶ 22L); Zacks Decl. – ECF No. 40-4 at 7 (¶ 25) (calling the over-length brief "an oversight"); Schliffer Decl. – ECF No. 47-1 at 3 (¶ 8) & Email, Ex. D to *id.*; *see* Reply to Mot. to Strike – ECF No. 24.

[30] Mot. – ECF No. 40-1 at 8, 10; Reply – ECF No. 49 at 6–9.

[31] Opp'n – ECF No. 47 at 12–17, 27–29; Schliffer Decl. – ECF No. 47-1 at 3 (¶ 10) (quoting Hr'g Tr., Ex. E to *id.*, at 3:24–25, 4:8–9, 20:2–3).

*Mann*, 139 Cal. App. 4th at 345–46; *Maleti v. Wickers*, 82 Cal. App. 5th 181, 232 (2022); *contrast Moran*, 135 Cal. App. 4th at 955–56.

*Mann* prescribes the approach: start with the lodestar for the successful portions and account for the unsuccessful ones. *Mann*, 139 Cal. App. 4th at 344–45. Here the overlap was nearly total: the step-one showing and the litigation-privilege analysis that won the stricken claims are the same work that underlay the rejected applications of those arguments. The identifiably unsuccessful portions were small: the unjust-enrichment challenge occupied roughly five paragraphs and a footnote across both briefs, and the arguments aimed at paragraphs 29, 34, and the rest of 120 were largely repetition. Mr. Kraus estimates one hour on each, and Mr. Shroder concedes a $1,200 reduction.[32] On this record, that two-hour deduction reasonably captures the incremental time on the unsuccessful portions, and a further percentage cut keyed to paragraph counts would not measure anything about the work or the results. The court reduces Mr. Kraus's recoverable time by two more hours, to 30.9, and otherwise awards the lodestar:

| Timekeeper | Hours billed | Hours awarded | Rate | Fees awarded |
|---|---|---|---|---|
| Mr. Zacks | 16.8 | 16.8 | $900 | $15,120.00 |
| Mr. Freedman | 4.7 | 4.7 | $700 | $3,290.00 |
| Mr. Kraus | 33.9 | 30.9 | $600 | $18,540.00 |
| Ms. Heinichen | 17.5 | 17.5 | $225 | $3,937.50 |
| **Total** | **72.9** | **69.9** | | **$40,887.50** |

The fees awarded for the anti-SLAPP motion are $40,887.50.

## 6. Costs: the Westlaw Charges are Recoverable

Mr. Shroder seeks $3,605 in Westlaw charges supported by an itemized research history. Reasonable charges for computerized legal research are recoverable as part of an attorney's fee award. *Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258–59 (9th Cir. 2006). The history shows research on the authorities at the center of the motion:

[32] Kraus Decl. – ECF No. 40-3 at 6 (¶ 14); Mot. – ECF No. 40-1 at 20–21, 23; Reply – ECF No. 49 at 12–14; *see* Opp'n – ECF No. 47 at 17 (tallying the concessions).

*Baral*, *Bonni*, the litigation-privilege cases, and federal anti-SLAPP procedure.[33] Ms. Fotsch's two objections fail. The two client-matter numbers in the history do not show research for a different case. The paralegal who administers the firm's Westlaw account explains that (1) the second number was opened on July 21, 2026, to separate this federal case from the state unlawful-detainer matter, (2) timekeepers sometimes kept entering the old number, and (3) no state-court research was done during the anti-SLAPP briefing (which is also why the sources on Roman numerals reflect her research on federal pagination conventions, not a stray matter).[34] And the charges need not be apportioned between the successful and unsuccessful portions of the motion: the legal research (the anti-SLAPP framework and the privilege) served both, and the unjust-enrichment issue was a sliver of it. *Mann*, 139 Cal. App. 4th at 344–45. The court awards $3,605 in costs.

**7. Fees on Fees: the Fee-Motion Time is Reduced by Half**

Time reasonably spent establishing a fee claim is compensable. *Ketchum*, 24 Cal. 4th at 1141. But the time here — 66.8 hours and $40,720 for a fee motion, against 33.9 drafting hours on the merits motion it follows — is not reasonable. Mr. Kraus spent 63.4 of those hours (49.1 on the opening papers, 14.3 on the reply): nearly twice his time on the underlying motion, for a lawyer who has made roughly forty anti-SLAPP motions and "dozens" of fee motions over his career.[35] The disproportion shows in the product: substantial portions of the twenty-page brief and its declarations re-argue the merits the court already decided, narrate counsel's practice history and personal circumstances, and criticize opposing counsel.[36] These do not establish a lodestar.

---

[33] Westlaw Charges, Ex. B to Freedman Decl. – ECF No. 40-2 at 16–27; Invoices, Ex. A to *id.* – ECF No. 40-2 at 10, 14 ($2,169.38 and $1,436.55).

[34] Heinichen Reply Decl. – ECF No. 49-3 at 2–3 (¶¶ 2–7); Opp'n – ECF No. 47 at 21–22.

[35] Freedman Decl. – ECF No. 40-2 at 5 (¶ 14); Kraus Decl. – ECF No. 40-3 at 2–3 (¶ 3), 7–8 (¶ 18), 9 (¶ 21); Kraus Reply Decl. – ECF No. 49-2 at 3 (¶ 7); Reply – ECF No. 49 at 15 ("The time on the fee motion has, unfortunately, exceeded the time on the underlying motion.").

[36] *E.g.*, Mot. – ECF No. 40-1 at 10–12, 17–19, 23–27; *see* Opp'n – ECF No. 47 at 25–26. In a 2021 state case that counsel describes as "more complicated," with a more aggressive opposition, the same team's entire award (merits motion and fee motion) was $47,374. Mot. – ECF No. 40-1 at 21–22; Kraus Decl. – ECF No. 40-3 at 4 (¶¶ 8–9) & Exs. A–B (*Dinh v. Mills*).

United States District Court
Northern District of California

Mr. Shroder's justifications — that Ms. Fotsch's rejection of his demand and her token counteroffer telegraphed an aggressive opposition that he had to anticipate, and that federal anti-SLAPP fee practice was new territory for Mr. Kraus — explain a thorough motion, not one that outweighs the merits work.[37] Opposing a fee demand (and succeeding in part, as Ms. Fotsch has) is advocacy, not obstruction, and its cost cannot all be shifted to her. The benchmark in this district runs the other way: about an attorney work-week has been found reasonable for an anti-SLAPP motion and its fee motion combined. *Gregory v. Harris*, No. 21-cv-03311-VKD, 2022 WL 1136798, at *5 (N.D. Cal. Apr. 18, 2022).

Exercising its discretion, the court reduces Mr. Kraus's fee-motion time by fifty percent, to 31.7 hours (commensurate with his time on the underlying motion) and allows in full the modest time of Mr. Zacks (1.5 hours) and Mr. Freedman (1.9 hours), whose roles were declarations and coordination.[38] The fee motion reasonably could have been litigated in that time.

| Timekeeper | Hours billed | Hours awarded | Rate | Fees awarded |
|---|---|---|---|---|
| Mr. Kraus | 63.4 | 31.7 | $600 | $19,020.00 |
| Mr. Zacks | 1.5 | 1.5 | $900 | $1,350.00 |
| Mr. Freedman | 1.9 | 1.9 | $700 | $1,330.00 |
| **Total** | **66.8** | **35.1** | | **$21,700.00** |

The fees awarded for the fee motion are $21,700. The court denies the notice's open-ended request for "additional reasonable attorney's fees" as they are incurred: a fee request must be quantified and supported, and the amounts awarded in this order (which encompass the briefing and the hearing) are the complete award for the anti-SLAPP motion and the fee litigation.[39]

[37] Reply – ECF No. 49 at 15–17; Kraus Reply Decl. – ECF No. 49-2 at 2–3 (¶ 3); Freedman Decl. – ECF No. 40-2 at 5 (¶ 14). Mr. Kraus's unfamiliarity with federal court justifies some research time but it does not convert a fee motion (a lodestar, rates, and apportionment) into a project larger than the dispositive motion it follows. California's anti-SLAPP fee standards apply in federal court essentially unchanged. *Verizon*, 377 F.3d at 1091.

[38] Zacks Decl. – ECF No. 40-4 at 8 (¶ 28); Freedman Decl. – ECF No. 40-2 at 5 (¶ 14). The reduction also moots Ms. Fotsch's argument that Mr. Kraus's narrative time (45.0 hours) is less than his timesheet's 49.1. Opp'n – ECF No. 47 at 19–20.

[39] Notice of Mot. – ECF No. 40 at 2; *see* Opp'n – ECF No. 47 at 26 (objecting to the open-ended request).

United States District Court
Northern District of California

**CONCLUSION**

The court grants in part and denies in part Mr. Shroder's motion for attorney's fees and costs. The court awards Mr. Shroder, and orders Ms. Fotsch to pay, $62,587.50 in attorney's fees ($40,887.50 for the anti-SLAPP motion and $21,700 for the fee motion) and $3,605 in costs, a total of $66,192.50. The court denies the request for additional, unquantified fees.

This resolves ECF No. 40.

**IT IS SO ORDERED.**

Dated: October 30, 2026



LAUREL BEELER
United States Magistrate Judge